UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHEILA B. WRIGHT and MARLOW J.  CIVIL ACTION
WRIGHT, INDIVIDUALLY AND ON
BEHALF OF THEIR MINOR CHILDREN,
M. W. 1., M. W. 2, and M. W. 3

VERSUS                                                                  NO. 11-625

UNITED STATES OF AMERICA                          SECTION: "C" (2)

ORDER & REASONS

Before the Court is Motion to Dismiss filed by Defendant the United States. (Rec. Doc. 11). Plaintiffs Sheila B. Wright and Marlow J. Wright filed no opposition to this Motion. Having reviewed the record, the memorandum of the United States, and the applicable law, the Court GRANTS the United States' Motion for the following reasons.

I. BACKGROUND

Plaintiffs filed this suit "individually and on behalf of their minor children" against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), seeking compensation for personal injuries arising out of an automobile accident between Sheila B. Wright and Robert L. Jarrett, a United States Postal Service ("USPS") employee, which Plaintiffs allege occurred because of Jarrett's negligence while acting in the scope of his employment. (Rec. Doc. 1 at ¶¶ 1-2). Plaintiffs claim that they filed timely FTCA administrative claims to the USPS, engaged in settlement negotiations with the USPS, and sent a final settlement demand to the USPS

1

on August 10, 2010. (Rec. Doc. ¶ 3). They allege that the USPS had not responded to that demand as of the filing of this suit, on March 21, 2011, and that all prerequisites for a FCTA claim had been met at that time. (Rec. Doc. 1 at ¶ 3). In its Motion, the United States acknowledge that Sheila B. Wright and her three minor children exhausted their administrative remedies by each filing his or her own administrative tort claims to the USPS prior to suing the USPS. (Rec. Doc. 11-2 at 2). The United States contends, however, that Marlow J. Wright failed to do so, and thus that his individual capacity FCTA claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Rec. Doc. 11-2 at 2).

## II. LAW & ANALYSIS

A court that lacks the statutory or constitutional power to adjudicate a case must dismiss the case for lack of subject matter jurisdiction. *Home Builders Ass'n of Miss. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1981). When a defendant moves to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction over the case. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). As the United States has moved to dismiss under Rule 12(b)(1), the burden is on Plaintiffs to establish that this Court has subject matter jurisdiction.

Any tort claims that Plaintiffs seek to bring against the United States are governed by the FTCA, which waives the United States' sovereign immunity for certain money damage claims. 28 U.S.C. § 1346(b), § 2671, *et seq*. Under the FCTA, a party has two years within which to file a claim for a tort against the federal government. However, before filing suit, the plaintiff must exhaust his or her administrative remedies to the appropriate federal agency and that claim must

have been finally denied by the agency in writing. *See* 28 U.S.C. § 2675(a). The failure of an agency to make a final disposition of claim within six months after it is filed is deemed a final denial of the claim. *See id.* Furthermore, an administrative claim submitted after a lawsuit is filed cannot cure a jurisdicitonal defect which was present when the suit was filed. *McNeill v. United States*, 508 U.S. 106, 106 (1980).

Here, Plaintiffs' injuries arise out of an accident allegedly caused by a USPS employee's negligent driving, a typical tort claim. The United States does not dispute Plaintiffs' claim that Sheila B. Wright and her three minor children timely filed administrative claims to the USPS. (Rec. Doc. 11-2 at 2). It argues, however, that "based on a search of USPS records," that Marlow J. Wright did not file an administrative claim. Given Marlow J. Wright's lack of opposition to the United States' Motion and the absence of allegations in the complaint suggesting that he filed an administrative claim, he has failed to meet his burden under Rule 12(b)(1). Thus, the Court concludes that it lacks subject matter jurisdiction over Marlow J. Wright's individual capacity FTCA claims.

Accordingly,

IT IS ORDERED that the United States' Motion to Dismiss Marlow J. Wright's individual capacity claims is GRANTED.[1]

New Orleans, Louisiana, this 2nd day of November, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] Marlow J. Wright's representative capacity claims, however, are not dismissed.